**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**UNITED STATES OF AMERICA**

**V.**                              **No. 4:21-CR-00018-01-BRW**
                               **4:25-CV-00062-BRW**

**JEMEL FOSTER**

## ORDER

For the reasons set out below, Defendant's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. No. 205) is DENIED.

## I.  BACKGROUND

On July 20, 2022, a jury found Defendant guilty of distribution of fentanyl resulting in death; possession with intent to distribute fentanyl; possession of a firearm in furtherance of a drug trafficking crime; and being a felon in possession of a firearm.[1]  On January 3, 2023, he was sentenced to 360 months in prison.[2]  The Court of Appeals for the Eighth Circuit affirmed his conviction and sentence.[3]

Defendant now seeks relief under § 2255 alleging: (1) improper jury instructions; (2) double jeopardy; and (3) a non-unanimous verdict.

## II.  DISCUSSION

All three of Defendant's arguments are meritless.

---

[1] Doc. Nos. 168, 173.

[2] Doc. Nos. 185, 188.

[3] Doc. No. 200.

First, challenges to the jury instruction were not raised on appeal and Defendant has not established cause for default and actual prejudice.[4]  Additionally, Instruction 6 was to Defendant's benefit, not detriment.[5]  Defendant's argument regarding Instruction 10 is a continuation of his defense that the Government could not and did not prove that the drugs *he* sold the victim caused her death.  The jury disagreed and the Eighth Circuit affirmed. Furthermore, both instructions are proper recitations of the law.

Second, Defendant asserts that the introduction of "uncharged transactions as a basis for conviction violated [his] right under [the] double jeopardy clause of the Fifth Amendment."[6] Uncharged transactions were not a basis for conviction.  Instead, the evidence was properly admitted under Fed. R. of Evid. 404(b) and went only to Defendant's knowledge or intent.  The jury was specifically instructed that it could not convict Defendant simply because it believed he may have committed a similar act in the past.[7]  No double jeopardy issue is implicated.

Third, Defendant contends that there "is no way to tell whether the jurors were unanimous on their conclusion that Walser died as a result of using fentanyl she purchased from Mr. Foster . . . ."[8]  The jury found Defendant guilty of distributing fentanyl to the victim on or about January 12, 2021.  The very next question on the verdict form asked:

> Do you, the jury, find unanimously and beyond a reasonable doubt (1) that K.W. used fentanyl that Mr. Foster distributed to her and (2) that was the "but for" or "independently sufficient" cause of her death, as defined in Court's Instruction No. 10:[9]

---

[4] *Johnson v. United States*, 278 F.3d 839, 844 (8th Cir. 2002) (holding that collateral review of a procedurally defaulted issue requires Defendant to establish either cause and actual prejudice, or that he is actually innocent).

[5] Instruction 6 advised the jury on 404(b) evidence.

[6] Doc. No. 206.

[7] Doc. No. 170.

[8] Doc. No. 206.

[9] Doc. No. 173.

Additionally, all jurors answered affirmatively when polled regarding whether each verdict was their correct verdict.[10]

## CONCLUSION

For the reasons above, Defendant's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (Doc. No. 205) is DENIED.

IT IS SO ORDERED this 13th February, 2025.

Billy Roy Wilson
UNITED STATES DISTRICT JUDGE

---

[10] Doc. No. 178.